IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

CHRISTOPHER L. HARRIS,        )
                           )
           Petitioner,     )
v.                          )       Civil Action No. 1:14-cv-0584
                           )
ERIC HOLDER,              )
United States Attorney General,   )
                           )
          Respondent.    )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) Petitioner's Petitions for Writ of Mandamus[1] (Document Nos. 1 and 5.), filed on January 7, 2014 and July 8, 2014; (2) Petitioner's "Motion for Perpetual and Mandatory Injunction" (Document No. 3.), filed on April 30, 2014; and (3) Petitioner's "Motion for Judgment on the Pleadings" (Document No. 7.), filed on July 22, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACT AND PROCEDURE

1.    **Southern District of Indiana:**

In 1999, Petitioner was convicted in the United States District Court for the Southern District of Indiana of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846. United States v. Harris, Case No. 98-cr-0121 (S.D.Ind. Nov. 1, 1999). By Judgment

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Order entered on November 1, 1999, the District Court sentenced Petitioner to serve a 300-month term of incarceration to be followed by a five-year term of supervised release. Id., Document No. 53. Petitioner did not file a Notice of Appeal.

On June 27, 2005, Petitioner filed in the Southern District of Indiana a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. Harris v. United States, 1:05-cv-0963 (S.D. Ind. Sep. 6, 2005), Document No. 1. On July 6, 2005, the United States filed its Motion to Dismiss. Id., Document No. 5. On August 5, 2005, Petitioner filed his Response in Opposition. Id., Document No. 7. By Order entered on September 6, 2005, the District Court denied Petitioner's Section 2255 Motion "because it was not timely filed and because of the waiver in his plea agreement." Id., Document No. 8.

On September 30, 2008, Petitioner filed in the Southern District of Indiana a "Motion to Discharge, Satisfy and Release Judgment Lien" and "Tender of Payment to Discharge the Judgment Lien." Harris v. United States, 1:08-cv-01315 (S.D. Ind. Oct. 17, 2008), Document Nos. 1 and 2. In his Motion, Petitioner argued that his criminal conviction was a debt, and the debt had been satisfied. Id. Petitioner cited provisions of the Uniform Commercial Code and language from Rule 60(b) of the Federal Rules of Civil Procedure. Id. On October 15, 2008, Petitioner filed a "Notice of Accepted Offer." Id., Document No. 6. By Order entered on October 17, 2008, the District Court construed Petitioner's "Motion to Discharge, Satisfy and Release Judgment Lien" as a Section 2255 Motion and dismissed it as successive. Id., Document No. 12. Petitioner filed a Notice of Appeal on October 28, 2008. Id., Document No. 21. The Seventh Circuit dismissed Petitioner's appeal pursuant to Rule 42(b) on December 30, 2008. Id., Document No. 46.

Beginning in 2011, Petitioner filed numerous documents in Criminal Action No. 98-cr-0121

2

wherein he challenged his arrest and conviction, sought to deposit a promissory note in satisfaction of his debt, and requested his release from federal custody. The District Court denied such motions. Petitioner filed Notices of Appeal concerning some of the Motions. On March 18, 2013, the Seventh Circuit entered an Order dismissing Petitioner's appeals wherein he challenged the validity of his conviction. United States v. Harris, Case No. 98-cr-0121, Document No. 143. The Seventh Circuit noted that by Order of February 22, 2013, it warned Petitioner that "additional frivolous appeals (or requests for permission to initiate more collateral attacks) may subject him to sanctions." Id. The Seventh Circuit noted that Petitioner ignored the Court's warning and filed Appeal No. 13-1395, which demonstrated that Petitioner plans to continued his campaign of frivolous motions and appeals. Id. Therefore, the Seventh Circuit imposed a filing restriction and imposed a $500 sanction upon Petitioner. United States v. Harris, Nos. 12-3744, 13-1312, and 13-1395 (7th Cir. March 18, 2013).

**2.      District of Colorado:**

In 2008, Petitioner filed in the United States District Court for the District of Colorado an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Wilner, 2008 WL 1765649 (D.Colo. April 16, 2008), aff'd, 294 Fed.Appx. 384 (10th Cir. 2008). The District Court determined that Petitioner appeared "to claim that he is not challenging his conviction or sentence but is seeking to 'satisfy, release, or discharge the judgment pursuant to Rule 60(b)(5.)." Id. The District Court determined that Rule 60(b) was not applicable to criminal proceedings and Petitioner was essentially challenging the validity of his conviction. Id. The District Court denied Petitioner's Section 2241 Petition finding that Petitioner had an adequate and effective remedy in a Section 2255 Motion in the United States District Court for the Southern District of Indiana. Id.

3

In 2010, Petitioner filed a second Section 2241 Petition in the District of Colorado. Harris v. Wands, 2010 WL 5339604 (D.Colo. Dec. 10, 2010). In his Petition, Petitioner argued that "once he was convicted a statutory obligation under the Uniform Commercial Code (UCC) was created in favor of the United States." Id. Petitioner claimed that as a result of indorsement and payment, the warden no longer had a right to retain him. Id. The District Court dismissed Petitioner's Petition finding that Petitioner's "attempt to effect his release through the operation of civil commercial statutes is legally frivolous." Id.

In 2011, Petitioner appealed to the Tenth Circuit Court of Appeals the District of Colorado's decision dismissing Plaintiff's Complaint as frivolous and imposing filing restrictions. Harris v. Kammerzell, 440 Fed.Appx. 627 (10th Cir. 2011). The Ten Circuit noted that Petitioner again "appears to be challenging his drug conviction and sentence based upon principles of contract and/or civil commercial law." Id. The Tenth Circuit affirmed the District of Colorado's decision to dismiss Petitioner's Complaint and impose filing restrictions. Id.

3.      **Court of Federal Claims:**

In 2009, Petitioner filed an action in the Court of Federal Claims seeking to "enforce a contract he alleged existed between himself and the Government pursuant to which he offered to pay $8,000,000 to the Government and in return the Government would release him from incarceration." Harris v. United States, 2009 WL 2700207 (Fed. Cl. Aug. 26, 2009). Petitioner argued that by making an offer to the Government to pay $8,000,000, he created a judicial lien that entitled him to immediate release. Id. The Court found that Petitioner's "criminal conviction is not governed in any way by the Uniform Commercial Code and the various documents he submits do not constitute contracts with the United States Government within the meaning of this Court's statutory grant of

jurisdiction." Id. The Court, therefore, determined that it lacked jurisdiction to consider Petitioner's claims and dismissed his Complaint. Id.

**4.      Western District of Missouri:**

In 2010, Petitioner filed in the United States District Court for the Western District of Missouri an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Harris v. Anderson, 2010 WL 4531408 (W.D.Mo. Oct. 14, 2010). In his Petition, Petitioner argued that he was involuntarily placed in lock-up and under investigation after he failed a "Private Administrative Remedy Demand." Id. Petitioner further complained that prison officials confiscated all of his legal property. Id. The Court determined that in Petitioner's "Private Administrative Remedy Demand," Petitioner "claimed that under the UCC, his body is a good that can be used to satisfy the debt created by the Judgment and Commitment Order in his underlying criminal case." Id. Petitioner contended that the Warden was authorized to accept his offer to pay the debt and his failure to do so would result in default. Id. Petitioner further stated that "he reserved the right to incorporate his 'Offer of Performance' in any financial commercial, legal or criminal proceeding, initiate a counterclaim against the Warden, or file a 'claim against bond' against the Warden." Id. Respondent submitted evidence that "[i]n some cases, inmates have improperly used [commercial law theories based on the UCC] to file false liens against Bureau of Prisons staff, Judges, United States Attorneys, and other federal employees." Id. Respondent noted that the investigation revealed that Petitioner was possibly taking steps to file a false lien against the Warden. Id. Therefore, prison officials confiscated some of Petitioner's property, including manuals and forms relating to filing liens." Id. The Court dismissed Petitioner's Section 2241 Petition finding that Petitioner failed to exhaust his administrative remedies and finding there was no indication that Petitioner was denied access to the

courts or suffered any injury by the confiscation of some of his property. Id.

**5.      Eastern and Central Districts of California:**

In 2011, Petitioner filed in the United States District Court for the Eastern District of California a Petition requesting relief pursuant to 28 U.S.C. §§ 2007, 3201, and 3569. Harris v. O'Keefe, 2011 WL 4542650 (E.D. Cal. Sept. 27, 2011). Specifically, Petitioner requested that the "Court (1) deposit a promissory note for $8,000,000.00, (2) order the U.S. Marshal to discharge a $4,000,000.00 criminal fine, and (3) order the U.S. Marshal to return [Petitioner] to his domicile of choice." Id. The District Court dismissed Petitioner's Petition finding that Petitioner was not imprisoned for a civil debt, Petitioner is serving a criminal sentence for his conviction, and payment of Petitioner's debt does not discharge his sentence. Id.

In 2012, Petitioner filed a Section 2241 Petition in the Eastern District of California. Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Specifically, Petitioner sought "a stay of execution of what he characterizes as a judgment lien and more broadly a stay of execution of his sentence as well as a suspension of his sentence." Id. Petitioner argued that he had "the right to satisfy his obligation with personal property other than money." First, the District Court concluded that to the extent Petitioner was challenging the legality of his sentence, his claims must be dismissed for lack of jurisdiction. Second, the District Court determined that Petitioner failed to show "a statutory right to use his person, his personal property, and/or a promissory note to satisfy his obligation to pay an alleged $4,000,000 fine imposed in connection with his sentence." Id. Third, the District Court found that Petitioner's equal protection claim should be dismissed because he "failed to state specific facts that point to a real possibility of constitutional error and entitlement to habeas relief." Id. Finally, the District Court determined that Petitioner's claim that his inability to satisfy

the judgment violated his rights under Article I, § 10 was without merit. Id.

In 2012, Petitioner filed his second Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 2553635 (E.D. Cal. June 29, 2012). Specifically, Petitioner argued that "as part of his criminal sentence, a fine of $4,000.000.00 was imposed to be treated as a tax lien." Id. Petitioner claimed that "a unit team member failed to confirm a receipt for the payment of the lien so that it may be discharged." Id. Petitioner requested a stay of execution of a judgment lien and suspension of his sentence. Id. The District Court noted that Petitioner asserted the same claim in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Petitioner filed in the Eastern District of California a civil rights actions pursuant to Bivens. Harris v. Rodriguez, 2012 WL 5424947 (E.D. Cal. Nov. 6, 2012). In his Complaint, Petitioner argued that an unlawful fine of four million dollars was imposed as a result of his criminal conviction in the Southern District of Indiana. Id. The District Court noted that Petitioner "has a long history of making his frivolous claims about his four million dollar ($4,000,000) lien, as reviewed by the Tenth Circuit." Id.  Based upon Petitioner's allegations and filing history, the District Court dismissed Plaintiff's Complaint as frivolous. Id.

In 2012, Petitioner filed his third Section 2241 Petition in the Eastern District of California Harris v. Copenhaver, 2012 WL 4747149 (E.D. Cal. June 29, 2012), aff'd, 557 Fed.Appx. 686 (9th Cir. 2014). In his Petition, Petitioner requested that the Court discharge his criminal conviction and sentence on the "grounds that the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Petitioner claims he has satisfied on June 11, 2012, with the delivery of unspecified 'security directly to the United States . . . as payment.'" Id. The District Court noted

that Petitioner's challenge to his sentence based upon a purported satisfaction of a lien has already been addressed and rejected on the merit in Harris v. Rios, 2012 WL 913757 (E.D. Cal. March 16, 2012). Accordingly, the District Court dismissed Petitioner's Section 2241 Petition as successive. Id.

In 2012, Petitioner filed in the Eastern District of California a Petition for Writ of Mandamus pursuant to 28 U.S.C § 1361. Harris v. Unknown, 2012 WL 5877562 (E.D. Cal. Nov. 20, 2012). In his Petition for Writ of Mandamus, Petitioner again argued that "the trial court's order of restitution reduced Petitioner's incarceration to a money judgment which Petitioner claimed he satisfied on July 11, 2012, with the delivery of an unspecified "security directly to the United States . . . as payment." Id. The District Court construed Petitioner's Petition for Writ of Mandamus as a Section 2241 Petition and dismissed it as successive. Id.

In 2013, Petitioner filed a Section 2241 Petition in the Central District of California. Harris v. McGrew, 2013 WL 2480624 (C.D. Cal. June 10, 2013). In his Petition, Petitioner argued that the sentencing court lacked jurisdiction over him. Id. The District Court determined that Petitioner failed to show that Section 2255 was inadequate or ineffective as a means to provide him relief. Id. The District Court, therefore, dismissed Petitioner's Section 2241 Petition. Id.

In 2013, Petitioner filed his fourth Section 2241 Petition in the Eastern District of California. Harris v. Babcock, 2013 WL 3013477 (E.D. Cal. June 14, 2013). In his Petition, Petitioner argued that "his judgment of conviction is invalid and should be set aside because the indictment charging him did not contain sufficient allegations of 'the exact geographical location where the criminal activity . . . took place' and therefore was insufficient to properly invoke the court's jurisdiction." Id. The District Court noted that "a review of petitioner's underlying criminal case shows that the

challenge he seeks to present to this court has already been litigated and addressed by both the Southern District of Indiana and the Seventh Circuit." Id. The District Court determined that Petitioner could not collaterally attack his federal conviction by way of a Section 2241 Petition and dismissed his Petition. Id.

**6.     Southern District of West Virginia:**

On May 17, 2013, Petitioner filed a Section 2241 Petition in the Southern District of West Virginia. (Civil Action No. 1:13-cv-11595.) In his Petition, Petitioner argued that his incarceration was illegal because the sentencing court lacked jurisdiction over the parcels of property at which the alleged criminal activity occurred. (Id., Document No. 1.) By Proposed Findings and Recommendation entered on October 29, 2013, United States Magistrate Judge Cheryl A. Eifert recommended the Petitioner's Petition be dismissed because he was challenging the validity of his conviction and sentence and failed to state any basis to find that a Section 2255 Motion was inadequate or ineffective. (Id., Document No. 14.) Petitioner filed Objections. (Id., Document No. 15.) By Memorandum Opinion and Order filed on November 13, 2013, United States District Jude David A. Faber adopted Judge Eifert's recommendation and dismissed Petitioner's Petition. (Document Nos. 16 and 17.) Petitioner filed a Notice of Appeal on November 21, 2013. (Id., Document No. 18.) On April 1, 2014, the Fourth Circuit Court of Appeals affirmed the judgment of the District Court. (Id., Document Nos. 22 and 23.)

On September 6, 2013, Petitioner filed a "Motion for Leave to Make Deposit In Court Pursuant to 28 U.S.C. § 2041." (Civil Action No. 1:13-22649, Document No. 1.) In his Motion, Petitioner requests "leave to deposit the sum of $2,622.00 with the Court, which is double the aggregate amount claimed and owed, and that, following the deposit, Plaintiff be discharged from

liability." (Id., p. 1.) Petitioner explains that "this action involves an obligation imposed by Commitment of Judgment via criminal fine" and he "has admitted the validity of the obligation and that the sum of $1,311.00 is due and owing to the United States District Court." (Id.) Petitioner states that Clerk of the Court "does not have the right to willfully refuse tender of payment." (Id., p. 2.) Petitioner states that an obligation is extinguished by an Offer of Performance. (Id.) Therefore, Petitioner states that he is attaching a "negotiable instrument, i.e., tender of payment" and he should be "released from liability on this agreed sum." (Id.) As Exhibits, Petitioner attaches a copy of his "Offer of Performance," "Tender of Payment," and "Inmate Financial Plan." (Id., pp. 4 - 12.) This matter is currently pending before the Court.

On January 23, 2014, Petitioner filed a Complaint against Eric Holder in the Circuit Court of McDowell County. (Civil Action No. 1:14-11734, Document No. 1, pp. 5 - 33.) In his Complaint, Petitioner challenges his incarceration based upon his conviction in the Southern District of Indiana.[2] (Id.) Specifically, Petitioner states that a $4,000,000 fine was imposed and he has delivered to the United States a "Private Administrative Remedy" satisfying the debt. (Id.) Petitioner, therefore, contends that he is entitle to release from custody because he has satisfied his debt. (Id.) On March 6, 2014, Mr. Holder filed his Notice of Removal with this Court. (Id., Document No. 1.) On March 11, 2014, Mr. Holder filed his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Id., Document Nos. 3 and 4.) Petitioner filed a "Motion for Injunction Against Removal" and Motion to Remand Case Back to Circuit Court." (Id., Document Nos. 5 and 6.) On March 12, 2014, Mr. Holder filed his Combined Response to Petitioner's Motions. (Id.,

---

[2] Petitioner's Complaint filed in State court appears to be nearly identical to his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated" as filed in Civil Action No. 1:14-00584.

Document No. 9.) On March 14, 2014, Petitioner filed a Response to Mr. Holder's Motion to Dismiss. (Id., Document No. 11.) Petitioner has continued to file numerous Motion in the above case. The case is currently pending before the Court. (Id.)

      **A.**    ***Instant Action:***

On January 7, 2014, Petitioner filed his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated." (Civil Action No. 1:14-00584, Document No. 1.) Petitioner stated that he was the "Defendant in the originating Criminal Case No. 1:98-cr-00121-03" and he "is and was at all time mentioned herein the Judgment Debtor/Obligor." (Id., p. 1.) Petitioner contends that Eric Holder, the United States Attorney General, is the Obligee that "is legally responsible for the discharge of attachment and arrest of the Judgment Debtor to the extent of the payment or delivery of other personal property." (Id., p. 2.) Petitioner explains that he received a $4,000,000 fine or "attachment." (Id.) Petitioner alleges that "[o]n December 18, 2013, the Judgment Debtor/Obligor delivered to the Obligee his Private Administrative Remedy re: Conditional Acceptance - Request for Affirmative Proof As to the Status of the $4,000,000 Attachment Warrant; Discharge and Other Maters in re Case No. 1:98-cr-00121-003 dated December 17, 2013." (Id.) Petitioner states that he "attached to Obligor's Private Administrative Remedy referenced above attached herewith made a part hereof as Exhibit C was Instruction No. 70131090000199520504 which operated as payment, i.e. money in hand, assets, cash, money available for payment of private or public debt authorized by Congress." (Id.) Petitioner states that the "Obligee was given a WARNING under caveat that Obligor expected a receipt within 72 hours of receipt of payment as evidence that the obligation has been discharged." (Id.) Petitioner argues that the further warned the Obligee that a "non-response or failure to provide

evidence that the obligation has been discharged would constitute obligee's agreement . . . that the attached Note does operate as payment and that the U.S. Attorney General will accept the Note in satisfaction of its Attachment Warrant in re Case No. 1:98-cr-00121-003." (Id., pp. 2 - 3.) Petitioner argues that the "U.S. Attorney General, d.b.a. Obligee, failed or refused to discharge the Judgment Debtor . . . to the extent of the payment or delivery of bankable paper, i.e., Instrument No. 70131090000199520504 as payment." (Id., p. 5.) Based upon the foregoing, Petitioner argues that he is entitled to summary judgment and release from federal custody. (Id., pp. 3 - 4.)

As Exhibits, Petitioner attaches the following: (1) A copy of "Interrogatories" (Id., pp. 6 - 7.); (2) A copy of Petitioner's Affidavit (Id., pp. 8 - 9.); (3) A copy of Petitioner's "Private Administrative Remedy" dated December 17, 2013 (Id., pp. 10 - 14.); (4) A copy of Petitioner's "Demand for Full and Final Release" (Id., pp. 15 - 19.); (5) A copy of Petitioner's "Bankable Paper, i.e., Note No. 701310900001995200504" (Id., pp. 20 - 23.).

On April 30, 2014, Petitioner filed a "Motion for Perpetual and Mandatory Injunction." (Id., Document No. 4.) In support of his Motion, Petitioner sets forth the same allegations as set forth in his "Action to Compel an Officer of the United States Pursuant to 28 U.S.C. § 1361 to Show Cause Why the Attachment or Arrest Should Not be Vacated." (Id.)

On July 8, 2014, Petitioner filed his Petition for Leave to Amend and his Amended Petition. (Id., Document Nos. 4 and 5.) In his Amended Petition, Petitioner references his criminal conviction in the Southern District of Indiana. (Id., p. 2.) Petitioner states that the U.S. Marshal "executed a committed fine of $4,000,000 pursuant to 21 U.S.C. § 841(a)(b) against Petitioner." (Id.) Petitioner states that "according to the U.S. Dept. Of Justice Inmate's Admissions and Orientation Handbook for FCI McDowell, 'Committed Fine' means that the Inmate will remain in prison until the fine is

paid." (<u>Id.</u>, p. 3.) Petitioner argues that once his fine is fully paid, Petitioner is no longer required to notify the United States of any change of residence. (<u>Id.</u>) Petitioner states that on January 2, 2014, he "delivered to the United States, c/o Eric Holder, Bankable Paper Double the amount of the committed fine as payment to discharge the warrant of attachment." (<u>Id.</u>) Petitioner, therefore, requests "Judgment for full acquittance of the committed fine and warrant of attachment and immediate release." (<u>Id.</u>)

On July 22, 2014, Petitioner filed a Motion for Judgment on the Pleadings. (<u>Id.</u>, Document No. 7.) Petitioner contends that he is entitled to judgment because the "Defendant has the burden of showing why the seizure should not be vacated." (<u>Id.</u>)

## DISCUSSION

Title 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The remedy of mandamus, however, "is a drastic one, to be invoked only in extraordinary circumstances." <u>Kerr v. United States District Court</u>, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987)(internal quotations omitted); <u>also see</u> <u>Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina</u>, 551 F.2d 559, 562 (4th Cir. 1977)(A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable.")

13

Petitioner appears to contend that Mr. Holder is improperly refusing to release Petitioner from federal custody. Petitioner states that a $4,000,000 fine was imposed as a result of his criminal conviction in the Southern District of Indiana. Based upon principles of contract or civil commercial law, Petitioner argues that he has provided Mr. Holder with a Promissory Note or "Bankable Paper" as payment for his $4,000,000 fine. Therefore, Petitioner argues that he is entitled to release from custody because his criminal conviction constituted a debt and he has satisfied his debt. As explained above, Petitioner's foregoing claim has been continuously asserted and rejected by District Courts in Indiana, Colorado, Missouri, and California. Additionally, Petitioner's above claim has been presented and rejected by the Seventh, Ninth, and Tenth Circuit Courts of Appeal.[3] The Court, therefore, finds that Petitioner's right to relief is not clear and indisputable. Further, the proper means for Petitioner to attain the relief he desires is to request *habeas* relief. Although Petitioner indicates he is requesting that Mr. Holder recognize the "Bankable Paper" or "Note"[4] as payment for his fine, Petitioner further contends that upon payment of his fine he is entitled to release from custody. Thus, Petitioner is clearly challenging the validity of his conviction and sentence. Accordingly, the undersigned finds that Petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus. Based upon the foregoing, the undersigned recommends that Petitioner's Petitions for Writ of Mandamus, "Motion for Perpetual and Mandatory Injunction," and "Motion for Judgment on the Pleadings" be denied.

---

[3]  The undersigned notes that the foregoing Courts determined that Petitioner's claim was frivolous. Petitioner's continuous filings of the frivolous claim resulted in filing restrictions being imposed by the Seventh Circuit and the District of Colorado.

[4]  Moreover, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi*, 551 F.2d at 562.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Mandamus (Document Nos. 1 and 5.), **DENY** Petitioner's "Motion for Perpetual and Mandatory Injunction" (Document No. 3.), **DENY** Petitioner's "Motion for Judgment on the Pleadings" (Document No. 7.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies

15

of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate

Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Movant, who is acting *pro se*, and counsel of record.

Date: August 21, 2014.

R. Clarke VanDervort
United States Magistrate Judge

16