```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**CHRISTOPHER L. HARRIS,**

  **Plaintiff,**

v.                                    CIVIL ACTION NO. 1:14-0584

**ERIC HOLDER,**
**United States Attorney General,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

  By Standing Order, the action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on August 21, 2014, in which he recommended that the court deny plaintiff's petition for writ of mandamus; deny petitioner's "Motion for Perpetual and Mandatory Injunction;" deny petitioner's motion for judgment on the pleadings; and remove this matter from the court's docket.

  In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  On August 28, 2014, plaintiff filed timely objections.  With respect to those objections, the court has conducted a de novo review.

Harris is a prolific filer. Rather than recount his extensive litigation history herein, the court relies upon Magistrate Judge VanDervort's thorough account in the PF&R. Suffice it to say that Harris' creative attempts to obtain release through such channels as civil commercial law and the like have resulted in his being cautioned by more than one court that it would "not tolerate the type of frivolous behavior Mr. Harris has thus far demonstrated in his filings." Harris v. Wands, 410 F. App'x 145, 147 (10th Cir. 2011). Plaintiff's objection to the PF&R represents yet another equally frivolous attempt.

Specifically, Harris objects to Magistrate Judge VanDervort's recommended disposition because, according to him, he has invoked this court's jurisdiction over admiralty and maritime claims. Having done so, Harris argues that he is entitled to a hearing pursuant to Supplemental Rule E(4)(f) of the Supplemental Rules for Admiralty or Maritime Claims. Harris' argument is without merit as his claims herein are not within the admiralty or maritime jurisdiction of this court. Labels assigned to pleadings filed by pro se litigants are not determinative. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). As one court noted in a case similar to the instant one,

> Given plaintiff's unsuccessful attempts to obtain release through habeas corpus (28 U.S.C. §§ 2241 and 2255), he now brings suit "In Admiralty" applying extreme artistic license to the law of contracts, secured transactions and admiralty. Plaintiff's legal theories, although creative, are patently frivolous. Not only do his fanciful assertions regarding his legal status and that of the defendants lack an arguable basis in the law, his legal contentions offered in support of release have virtually no support in existing law. Moreover, despite plaintiff labeling this suit as one arising in admiralty, neither his factual assertions nor his legal claims remotely relate to that subject. See Black's Law Dictionary 969 (6th ed. 1990) (defining Maritime Law as "[t]hat system of law which particularly relates to marine commerce and navigation, to business transacted at sea or relating to navigation, to ships and shipping, to seamen, to the transportation of persons and property by sea, and to marine affairs generally."); Id., at 47 (stating that the terms "admiralty" and "maritime" law are "virtually synonymous.").

Talley v. U.S., No. 3:08cv278/RV/MD, 2008 WL 4164151, *3 (N.D. Fla. Sept. 5, 2008); see also Crawford v. Michigan, No. 2:13-CV-10466, 2013 WL 1189994, *2 (E.D. Mich. Mar. 22, 2013) ("Although Plaintiff uses contract language and cites Admiralty and Maritime Law, Federal Rule of Criminal Procedure 9(h), Article I, Section 10 of the United States Constitution, and several provisions of Michigan law in his pleadings, it is clear that he is contesting his state criminal proceedings."); Robinson v. McKee, No. 1:10-cv-979, 2010 WL 4924737, *2 (W.D. Mich. Nov. 29, 2010) ("The Court cannot discern any possible claim against Defendant McKee over which this Court could exercise its admiralty and maritime jurisdiction. Thus, Plaintiff's action will be dismissed as

3

frivolous.  If Plaintiff wishes to challenge the fact or duration of his confinement, he must file a habeas corpus action pursuant to 28 U.S.C. § 2254."); Demos v. United States, No. Civ. 10-6299-TC, 2010 WL 4007527, *1 (D. Or. Oct. 8, 2010) ("Although plaintiff alleges that his `issues involve' Maritime law, commercial law, `merchant law' and Admiralty law, the complaint is a not-so-thinly veiled challenge to his confinement.").  The court likewise finds that plaintiff's claims do not relate to admiralty or maritime law and, accordingly, plaintiff's objections are **OVERRULED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge VanDervort, **DENIES** plaintiff's petition for writ of mandamus**, DENIES** petitioner's "Motion for Perpetual and Mandatory Injunction**," DENIES** petitioner's motion for judgment on the pleadings**,** and directs the Clerk to remove these matters from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 3rd day of September, 2014.

ENTER:

*[signature: David A. Faber]*

David A. Faber
Senior United States District Judge